United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID BRANSTEN,

    Plaintiff,

v.

BMW OF NORTH AMERICA, LLC, A DELAWARE LIMITED LIABILITY COMPANY, IMPORT MOTORS, INC. DBA BMW OF CONCORD, A CALIFORNIA CORPORATION, AND DOES 1 THROUGH 25, INCLUSIVE,

    Defendants.
_____/

No. C-10-2786 EDL

**ORDER GRANTING WITH LEAVE TO AMEND PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

    Plaintiff David Bransten filed this lawsuit after Defendants BMW of North America, LLC, Import Motors, Inc., and BMW of Concord allegedly refused to repair or reimburse Plaintiff for repair following a transmission failure of Plaintiff's recently-purchased MINI vehicle under the vehicle's warranty. Defendants filed an answer to Plaintiff's complaint containing thirty affirmative defenses. Plaintiff filed a motion requesting that the Court strike twenty-six of Defendants' thirty affirmative defenses, arguing that they "consist only of legal conclusions without any supporting facts and are thus improper." Pl.'s Mot. at 8. Defendants filed an opposition to Plaintiff's motion to strike, and Plaintiff filed a reply. On September 16, 2010, the Court held a hearing on Plaintiff's motion. For the reasons stated at the hearing and in this order, Plaintiff's motion is granted with leave to amend.

**Facts**

    On March 4, 2010, Plaintiff purchased a new 2009 Cooper Works Clubman model MINI (the "Vehicle") from Concord BMW for a total of $41,234.24. Compl. at 3. Approximately eight weeks

after the purchase and with 1826 miles on the odometer, the Vehicle's transmission allegedly failed. Compl. at 5. Defendant denied Plaintiff's warranty claim on the transmission, which is the basis for this lawsuit. On June 24, 2010, Plaintiff filed a complaint against Defendants for: 1) Breach of Express Warranty; 2) Breach of Implied Warranty of Merchantability; 3) Violation of Civil Code Sections 1793.2(d)(2)(B) and 1794 of Song-Beverly Consumer Warranty Act; 4) Violation of Civil Code Sections 1793.2(d)(1) and 1794 of Song-Beverly Consumer Warranty Act; 5) Violation of Magnuson-Moss Warranty Act; 6) Rescission; 7) Breach of Implied Covenant of Good Faith and Fair Dealing; and 8) Unfair Business Practices under California Business & Professions Code Section 17200.

Defendants filed an answer to the complaint, denying each allegation and asserting thirty affirmative defenses. Plaintiff requests that the Court strike the following affirmative defenses made by Defendants: 2) Comparative Negligence; 3) Vicarious Comparative Negligence; 4) Comparative Negligence of Third Parties; 5) Assumption of Risk; 6) Failure to Mitigate; 7) Estoppel; 8) Waiver; 9) Adequate Precautions; 10) Laches; 11) Unclean Hands; 13) Lack of Duty; 14) Intervening/Superceding Cause; 15) Offset; 16) Complete Performance; 17) Third Party Beneficiary Breach of Contract; 18) Release; 19) Consent; 20) Indispensable Parties; 21) No Contractual Duty; 22) Standard of Care; 24) Right to Indemnity/Contribution; 25) Failure to Timely Give Notice; 26) Statutory Presumption of a Reasonable Number of Repair Attempts; 28) Misuse/Abuse of Product; 29) Misleading Repair Orders; and 30) Conditions Beyond the Control of the Manufacturer.

**Legal Standard**

Under Federal Rule of Civil Procedure 12(f), a court may strike from any pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). In determining whether an affirmative defense is sufficient, the key is whether or not the plaintiff is given fair notice by the defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. Cal. 1979). An immaterial matter is one that has "no essential or important relationship" to the claim or defenses. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). An impertinent matter is one that is unnecessary to the questions at issue. Id. at 1527. The policy behind a Rule 12(f) motion is to prevent the loss of time and money

2

spent litigating "spurious issues" by foreclosing those issues before trial. Id. If a court grants a motion to strike, leave to amend should be granted unless doing so would cause prejudice to the opposing party. Wyshak, 607 F.2d at 826.

**Discussion**

Plaintiff asserts that Defendants' affirmative defenses should be stricken under Rule 12(f) because they allege only bare legal conclusions and no supporting facts, in violation of the heightened pleading standard articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). Twombly requires that a pleading allege "facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. In Iqbal, the Court clarified that Twombly "expounded the pleading standard for all civil actions." Iqbal, 129 S. Ct. at 1953. In order to plead an affirmative defense, the Federal Rules of Civil Procedure require the party to "state in short and plain terms its defenses to each claim asserted against it . . . ." Fed. R. Civ. P. 8(b)(1)(A) (emphasis added). Similarly, Rule 8(a)(2) requires that a party pleading a claim for relief must give "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2) (emphasis added).

The majority of courts in this circuit and in other circuits have concluded that Twombly and Iqbal apply to affirmative defenses. See Sykes v. Cigna Life Ins. Co., 2010 WL 3324261 *2 (N.D. Cal. Aug. 23, 2010) (citing Iqbal for striking affirmative defenses that did not "put Plaintiff on adequate notice . . ."); Barnes v. AT&T Pension Benefit Plan, 2010 U.S. Dist. LEXIS 62515 *11 (N.D. Cal. June 21, 2010) ("The court finds the reasoning of the courts that have applied the heightened pleading standard persuasive"); CTF Dev., Inc. v. Penta Hospitality, LLC, 2009 U.S. Dist. LEXIS 99538 *23 (N.D. Cal. Oct. 26, 2009) ("Under the Iqbal standard, the burden is on the *defendant* to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended") (emphasis in original); see also, e.g., HCRI TRS Acquirer, LLC, v. Iwer, 2010 U.S. Dist. LEXIS 41552 *8-9 (N.D. Ohio April 28, 2010); OSF Healthcare System v. Banno, 2010 U.S. Dist. LEXIS 7584 *3 (C.D. Ill. Jan. 5, 2010); Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 650 (D. Kan. 2009); Bank of Montreal v. SK Foods, LLC, 2009 U.S. Dist. LEXIS 106577 *10 (N.D. Ill. Nov. 13,

2009). Only a minority of courts hold that Twombly and Iqbal do not apply to affirmative defenses. See, e.g., Ameristar Fence Prods. v. Phoenix Fence Co., 2010 U.S. Dist. LEXIS 81468 *3 (D. Ariz. July 14, 2010) ("The Court is of the view that the pleading standards enunciated in Twombly and [Iqbal] have no application to affirmative defenses pled under Rule 8(c) . . ."); McLemore v. Regions Bank, 2010 U.S. Dist. LEXIS 25785 *46 (M.D. Tenn. Mar. 18, 2010) ("Twombly and Iqbal did not change the pleading standard for affirmative defenses"); cf. McArdle v. AT&T Mobility LLC, 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. Sept. 14, 2009) (not addressing Twombly and Iqbal's application to pleading affirmative defenses, but only striking affirmative defenses found insufficient as a matter of law).

This Court adopts the majority view and holds that Defendants must satisfy the Twombly and Iqbal pleading standard for their affirmative defenses. Applying that standard to affirmative defenses serves the requirement of providing fair notice to plaintiffs and the policy of avoiding wasteful discovery spent on frivolous defenses. The application of Twombly and Iqbal to affirmative defenses means that Defendants must "point to the existence of some identifiable fact that . . . would make the affirmative defense plausible on its face." Barnes, 2010 U.S. Dist. LEXIS 62515 at *12. Defendants must avoid listing conclusions that claim an affirmative defense "without stating a reason why that affirmative defense might exist." Id.

Here, Defendants have not alleged sufficient facts to provide fair notice in the twenty-six affirmative defenses challenged by Plaintiff. For example, Defendants' eighth affirmative defense states only: "(Waiver) Plaintiff has waived any and all claims he may have or have had against Answering Defendants," which is stated in conclusory terms and gives no indication of any basis for waiver. Another example is Defendants' tenth affirmative defense: "(Laches) Plaintiff has delayed and waited an unreasonable period of time in commencing this action, which has unduly prejudiced Answering Defendants." Again, the defense is stated as a legal conclusion with no plausible basis given for the defense. (This defense is also highly questionable insofar as the Plaintiff filed his complaint only four months from March 4, 2010, the date Plaintiff purchased the Vehicle, and two months from the alleged transmission failure.) These conclusory affirmative defenses do not meet the Twombly and Iqbal pleading standard. Accordingly, Plaintiff's motion is granted. Because

leave to amend is freely granted, the Court gives Defendants leave to amend their answer to conform with the Twombly and Iqbal pleading standard.  If, however, further discovery in this case reveals defenses not pleaded in the amended answer, the court will entertain a motion to amend the answer as long as Defendants are diligent and there is no prejudice to Plaintiff. See Healy Tibbitts Const. Co. v. Insurance Co. of North America, 679 F.2d 803, 804 (9th Cir. 1982) ("The defendant should be permitted to raise its policy exclusions defense in a motion for summary judgment, whether or not it was specifically pleaded as an affirmative defense, at least where no prejudice results to the plaintiff"); Barnes, 2010 U.S. Dist. LEXIS 62515 at *14-15 ("[T]he court will grant leave to the defendant to amend its answer at such time as the defendant becomes aware of facts tending to show the plausibility of additional affirmative defenses . . . provided that defendant exercises diligence in determining such facts").

**IT IS SO ORDERED.**

Dated: September 21, 2010

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge